UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:23-cv-1935-SDM-SPF
   8:22-cr-36-SDM-SPF

JULIAN ANDRES TENORIO
_____/

# ORDER

Tenorio moves under 28 U.S.C. § 2255 (Doc. 1) to vacate and challenges the validity of his conviction for conspiracy to possess with the intent to distribute cocaine while aboard a vessel, for which offense he is imprisoned for 121 months. Both the conviction and the sentence accord with the plea agreement. Tenorio filed no appeal. The motion lacks merit.

Rule 4, Rules Governing Section 2255 Cases, requires both a preliminary review of the motion to vacate and a summary dismissal "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." *Accord Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980) (affirming the summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [the defendant], shows that he is not entitled to relief "); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978)[1] ("Rule

---

[1] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

4(b) of § 2255 allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'").

## I.  FACTS[2]

On or about January 5, 2022, a maritime patrol aircraft (MPA) sighted a go-fast vessel (GFV) in international water in the eastern Pacific Ocean, about 125 nautical miles southwest of Isla del Malpelo, Colombia.  The vessel displayed no indicia of nationality and had packages and fuel barrels visible on deck.  The vessel was traveling at a high rate of speed in a known drug-trafficking area.  The U.S. Coast Guard Cutter James was patrolling in the vicinity and launched a helicopter, which deployed warning shots to halt the vessel but which were ineffective.  The helicopter then used disabling fire on the engines, which was effective.

Members of the U.S. Coast Guard interdicted the GFV and conducted a right of visit (ROV) boarding to determine the nationality, if any, of the vessel.  Julian Andres Tenorio and three others were crewmembers aboard the GFV.  No registration or homeport documents were found on board and no physical flag flew on the vessel.  None of the crewmembers claimed to be the vessel's master, and no one claimed nationality for the vessel.  Therefore, the vessel is one without nationality and subject to United States jurisdiction under 46 U.S.C. § 70502(c)(1)(A) and (d)(1)(B).  The Coast

---

[2] This summary of the facts derives from Tenorio's plea agreement. (Doc. 59 in 22-cr-36)

Guard recovered 1,213 kilograms of cocaine from the vessel. Tenorio willingly agreed to transport five or more kilograms of cocaine aboard the GFV with his co-defendants and others. The purpose of this agreement was to smuggle cocaine through international water and distribute the drugs to other persons. The defendant knew that the bales on the vessel contained cocaine and knew that the planned voyage was a drug-smuggling venture.

## II.  GUILTY PLEA

Tenorio pleaded guilty and admitted to the above facts. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973), holds that a guilty plea[3] waives a non-jurisdictional defect:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

This waiver of rights precludes most challenges to the conviction. "[W]hen the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." *United States v. Broce*, 488 U.S. 563, 569 (1989). *See also United States v. Patti*, 337 F.3d 1217, 1320 (11th Cir. 2003) ("Generally, a voluntary, unconditional guilty plea waives all non-jurisdictional defects in the proceedings."); *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992) ("A

---

[3] A conviction based on a plea of *nolo contendere* is reviewed the same as a conviction based on a guilty plea. *Wallace v. Turner*, 695 F.2d 545, 548 (11th Cir. 1982).

defendant who enters a plea of guilty waives all non-jurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained."). A guilty plea waives a claim based on a pre-plea event, including ineffective assistance of counsel. *Wilson*, 962 F.2d at 997. As a consequence, the entry of a guilty plea waives a claim based on an event that occurred before acceptance of the plea, including both a substantive claim and a purported failing of counsel — but not a jurisdictional challenge or a voluntariness challenge to the plea. Because he alleges that his counsel rendered ineffective assistance by not challenging the United States' jurisdiction over his vessel, Tenorio's jurisdictional challenges are not barred by his guilty plea.

## II.  ANALYSIS

As admitted above, United States law enforcement authorities apprehended Tenorio on a stateless vessel in international water in the Pacific Ocean (about 125 nautical miles from land) that was carrying more than a ton of cocaine in violation of the Maritime Drug Law Enforcement Act ("MDLEA"), 46 U.S.C. §§ 70501–70508. Tenorio challenges the constitutionality of MDLEA and contests the district court's subject matter jurisdiction over his admittedly illegal drug smuggling. The constitutionality of the MDLEA is well established by precedent in this circuit. *See, e.g., United States v. Tinoco*, 304 F.3d 1088 (11th Cir. 2002), *cert. denied sub nom Hernandez v. United States*, 538 U.S. 909 (2003); *United States v. Bellaizac-Hurtado*, 700 F.3d 1245 (11th Cir. 2012); *United States v. Valoy*, 830 F. App'x 601, 605–06 (11th Cir. 2020); *United*

*States v. Nunez*, 1 F.4th 976, 984–86 (11th Cir. 2021).  A United States District Court in Florida is bound by the decisions of the Eleventh Circuit Court of Appeals.  The above decisions bind this district court and reject Tenorio's jurisdictional challenges.

The motion under Section 2255 to vacate the sentence (Doc. 1) is **DENIED**.  The motion for leave to proceed *in forma pauperis* (Doc. 3) is **DENIED AS MOOT**.  The clerk must enter a judgment against Tenorio, close this case, and enter a copy of this order in the criminal case.

## DENIAL OF BOTH A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Tenorio is not entitled to a certificate of appealability ("COA").  A prisoner moving under Section 2255 has no absolute entitlement to appeal a district court's denial of his motion to vacate.  28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a COA.  Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  To merit a certificate of appealability, Tenorio must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001).  Because he fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues,

Tenorio is entitled to neither a certificate of appealability nor an appeal *in forma pauperis*.

A certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Tenorio must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on December 22, 2023.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE